# NO. 12-23-00084-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **KATIEYA MIYAE HAYNES, APPELLANT** | § | **APPEAL FROM THE 114TH** |
| **V.** | § | **JUDICIAL DISTRICT COURT** |
| **THE STATE OF TEXAS, APPELLEE** | § | **SMITH COUNTY, TEXAS** |

*MEMORANDUM OPINION*
*PER CURIAM*

Katieya Miyae Haynes appeals following the revocation of her deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with credit card abuse of an elderly person and pleaded "guilty."[1] The trial court deferred finding Appellant "guilty" and placed her on community supervision for four years.

Subsequently, the State filed a motion to adjudicate Appellant's guilt, alleging that she violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated the terms of her community supervision, in pertinent part, because she allegedly committed other criminal offenses, failed to report those offenses and her release from jail within the specified time frame, did not attend required Alcoholic Anonymous meetings, failed to complete her community service requirements, and failed to make required payments.

---

[1] *See* TEX. PENAL CODE ANN. § 32.31(d) (West 2016).

At a hearing on the State's motion, Appellant pleaded "true" to some of the alleged violations. The State abandoned four of the allegations, namely that Appellant committed the offenses of driving while intoxicated and failure to identify while on community supervision, and that she possessed and consumed alcoholic beverages on the date of those offenses. In support of its motion, the State elicited testimony from Smith County Adult Probation Department Court Officer Halie Smart establishing the remaining violations. Appellant and her mother also testified.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of her community supervision as alleged in the State's motion. Specifically, the trial court found the allegations in the State's motion to be "true" that she failed to: (1) submit to a random urinalysis, (2) perform community service as ordered, (3) report contact with law enforcement concerning her arrest on another offense within forty-eight hours, (4) appear in person to her community supervision officer within forty-hours after being released from jail for another arrest, (5) pay various court-ordered community supervision fees, and (6) attend Alcoholics Anonymous meetings as ordered by the court. Thereafter, it revoked Appellant's community supervision, adjudicated her "guilty" as originally charged, and sentenced her to imprisonment for four years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We likewise reviewed the record for reversible error and found none.

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired and no pro se brief has been filed.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered November 21, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 21, 2023**

**NO. 12-23-00084-CR**

**KATIEYA MIYAE HAYNES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0065-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*